**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Meyer Bard,<br><br>                         Plaintiff,<br><br>        -v.-<br><br>Equifax Information Services, LLC;<br>Trans Union, LLC, and<br>Transworld Systems, Inc.,<br><br>                         Defendants. | Case No.<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Meyer Bard brings this Complaint by and through counsel, against Defendants

Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union") (Equifax and

Trans Union, each a "Bureau" and collectively "Bureaus"), and Transworld Systems, Inc.

("Transworld", "Furnisher", or "Debt Collector"), and respectfully sets forth, complains, and

alleges, upon information and belief, the following:

1.     Plaintiff brings this action for damages arising from each Defendant's violations

of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

2.     Plaintiff also brings this action for damages arising from Transworld's violations

of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collections Practices Act ("FDCPA").

3.     As described more fully below, each Defendant improperly reported balances and

delinquencies for an account on Plaintiff's credit report that was not his responsibility.

4.     Plaintiff disputed the reporting and provided the necessary documentation.

5.     Each Defendant failed to reasonably investigate and correct the inaccuracies.

6.     Debt Collector also improperly attempted to collect this fraudulent debt from

Plaintiff.

7.     Plaintiff was thereby damaged.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p *et seq*.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

10.     Plaintiff is a resident of the State of New York, County of Kings.

11.     At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

12.     Defendant Equifax Information Services LLC is a consumer reporting agency defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

13.     Equifax is a Georgia corporation registered to do business in this State.

14.     Equifax may be served with process upon its registered agent at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

15.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

16.     Defendant Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

17.     Trans Union is a Delaware corporation registered to do business in this State.

18.     Trans Union may be served with process c/o The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, NY 12207-2543.

19.     Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

20.     At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

21.     Transworld has an address for service at c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

22.     Transworld is a "person" who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

23.     Transworld is a debt collector as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

24.     Upon information and belief, Transworld is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another and/or regularly engages in debt collection.

## FACTUAL ALLEGATIONS

25.     Plaintiff incorporates the above allegations as if set forth here.

26.     In or around November 2022, Plaintiff moved to the third-floor apartment at 525 Dahill Road in Brooklyn.

27.     Plaintiff realized he did not have heat in his new apartment.

28.     Plaintiff reached out to non-party National Grid ("Original Creditor") to open an account with them to obtain heat.

29.     However, even after opening the account, Plaintiff still did not have heat.

30.     Plaintiff reached out to National Grid.

31.     National Grid confirmed that his account was hooked up to the wrong floor at the same address.

32.     National Grid confirmed Plaintiff's account was mistakenly linked to the apartment unit on the first floor despite Plaintiff living on the third floor.

33.     Plaintiff was incorrectly billed for the first-floor apartment, despite living in the third-floor apartment.

34.     The first-floor heating bill amounted to $160.33.

35.     National Grid resolved the issue and Plaintiff heard nothing further from them.

Violations

36.     However, recently Debt Collector started reporting the same wrong balance on Plaintiff's credit report.

37.     There is an account from Transworld, account number beginning with 57968…  in Plaintiff's name ("Account").

38.     The Account is for the first-floor incorrect apartment and fraudulent billing.

39.     The Account has a balance of $160.33.

40.     However, the Account balance is not Plaintiff's.

41.     Plaintiff was unaware of this Account and charge(s) at the time made and did not authorize anyone to open or use it in his name or on his behalf.

42.     The Account balance is fraudulent.

43.     The Account shows derogatory information.

44.     The delinquency is solely due to fraud and/or mistake.

45.     On January 2, 2026, Plaintiff contacted each Bureau to dispute the fraudulent charges ("Dispute").

46.     Plaintiff disputed the fraudulent charges and balance.

47.     Plaintiff sent the Dispute to each Bureau.

48.     Plaintiff included a description of the issue, his address, phone number, email address, his social security information, and a copy of his ID.

49.     Despite the Dispute, and subsequent to it, the Account showed as delinquent on Plaintiff's credit report from each Bureau.

50.     Plaintiff does not owe the debt.

51.     The fraudulent balance for the Account remained from each Bureau.

52.     Each Bureau is required to notify Furnisher of Plaintiff's dispute(s).

53.     It appears and is therefore averred that each Bureau notified Furnisher of Plaintiff's dispute(s).

54.     Each Bureau was reporting the respective Account and balance on Plaintiff's credit reports.

55.     On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included the Account and incorrect balance(s).

56.     On information and belief, on date(s) better known to each Bureau, it issued credit reports concerning the Plaintiff that included Account tradelines.

57.     Each Bureau had been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

58.     Upon receipt of the Dispute of the Account each Bureau failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff about the disputed Account.

59.     Upon receipt of the dispute of the account by the Plaintiff from the Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

60.     Had each Defendant conducted a reasonable investigation it would have been revealed to it that its Account information was inaccurate.

61.     Despite the Dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed Account, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

62.     Each Bureau did not even call Plaintiff to discuss his claims.

63.     This is despite the fact that Plaintiff provided his phone number in his Dispute.

64.     Each Bureau did not even email Plaintiff to discuss his claims.

65.     This is despite the fact that Plaintiff provided his email address in his Dispute.

66.     Each Bureau did not correspond with Plaintiff to discuss his claims and to assist in its investigation or reinvestigation of the Account.

67.     This is despite the fact that Plaintiff provided his contact information in his Dispute.

68.     The Account delinquency and balance(s) were improperly placed on Plaintiff's credit report by each Defendant despite that it is the result of fraud.

69. Each Bureau's actions described herein violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

70. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

71. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if the Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

72. Unlike each Bureau, non-party Experian corrected this issue and removed the Account upon receipt of Plaintiff's Dispute.

73. Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

74. Notwithstanding Plaintiff's efforts, each Bureau continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

75. Each Defendant knew or had reason to know the information was inaccurate.

76. Each Bureau was in possession of the documentation of the inaccuracies and fraud of the Account yet persisted in reporting it anyway.

77. Upon information and belief, each Bureau did not request any supporting documentation from Furnisher during its investigation(s) of Plaintiff's Dispute(s).

78. Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigation(s) of Plaintiff's Dispute(s).

79. Each Bureau's reporting of the above-referenced tradeline(s) continued to be inaccurate and materially misleading.

## FDCPA Violations

80.     The alleged Account obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

81.     The creditor of the Account is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

82.     Debt Collector collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

83.     Debt Collector reported the Account as derogatory on Plaintiff's credit report.

84.     Debt Collector's collection of the Account was improper.

85.     Debt Collector's collection of the Account was improper as it was not Plaintiff's debt.

86.     Debt Collector's credit reporting of the Account also constitutes improper debt collection.

## Damages

87.     As a result of each Defendant's failure to comply with the FCRA, Plaintiff has been damaged.

88.     As a result of Debt Collector's failure to comply with the FDCPA, Plaintiff has been damaged.

89.     Each Defendant's erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

90.     Plaintiff suffered damage to his reputation as it falsely appears as if he is delinquent on the Account when he is not.

91.     It also falsely appears as if Plaintiff owes money on the Account.

92.     This false information was published to numerous third parties.

93.    This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

94.    Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Bureau's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment for having false information on his credit report, for credit denial, and for having others see the false credit information.

95.    Plaintiff was unable to obtain credit due to each Defendant's actions.

96.    Plaintiff applied for a credit card with Capital One but was declined credit due in whole or in part to each Defendant's actions.

97.    Each Defendant's actions have exacerbated, enabled, and lengthened the impact of the derogatory Account against Plaintiff.

98.    Plaintiff has difficulty with sleep and was stressed due to Defendant's actions.

99.    Plaintiff was left with no choice but to institute the instant proceeding.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

100.    Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

101.    This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

102.    Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

103.    Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

104.    Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnishers or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnishers.

105.    Each Bureau has willfully and recklessly, or in the alternative negligently, failed to comply with the Act.

106.    The failure of each Bureau to comply with the Act include but is not necessarily limited to:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by the Plaintiff;

    c.  The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

    d.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

    f.   The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer;

    g.   The failure to provide notice of a dispute to the Furnishers or, in the alternative, the failure to provide Plaintiff all relevant information received from the Furnishers in response to a dispute.

107.    As a result of the conduct, action and inaction of each Bureau, Plaintiff suffered damage as described above.

108.    The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

109.    In the alternative, the conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

110.    Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

111.    WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**SECOND CAUSE OF ACTION**
**(Violation of the FCRA as to Furnisher)**

112.    Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

113.    This is an action for willful and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

114.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

115.    Pursuant to the Act, furnishers of disputed information must be notified by the credit reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

116.    The Furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

117.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the Furnishers must report the results to any other agencies which were supplied such information.

118.    Upon information and belief, and as described above, Furnisher(s) received notice of Plaintiff's dispute(s) from one or more of the Bureaus.

119.    Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

120.    Furnisher continued to report this information on the Plaintiff's credit report after being notified of the dispute(s) regarding the Account(s) as described above.

121.    As a result of the conduct, action, and inaction of Furnisher(s), Plaintiff suffered damage as described above.

122.    The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

123.    In the alternative, the conduct, action, and inaction of Furnisher was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

124.    Plaintiff is entitled to recover reasonable costs and attorney's fees from each Furnishers in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

125.    WHEREFORE, Plaintiff demands judgment for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## THIRD  CAUSE OF ACTION
### (Violation of the FDCPA as to Debt Collector)

126.    Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

127.    Debt Collector's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, and 1692f.

128.    Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

129.    Debt Collector violated said section, as described above, in violation of §§ 1692e, 1692e (2), 1692e (5), 1692e (7), 1692e (8), and 1692e (10).

130.    Alternatively, Debt Collector's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692f, 1692f (1).

131.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

132.    Debt Collector violated this section by unfairly reporting the Account as described above.

133.    Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

134.    Debt Collector violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

135.    Debt Collector violated said section, as described above, in violation of § 1692d.

136.    Reporting a debt to a credit reporting agency is "a powerful tool designed, in part, to wrench compliance with payment terms…" *Sullivan v. Equifax, Inc.*, C.A. No. 01-4336, 2002 U.S. Dist. LEXIS 7884, at *15 (E.D. Pa. Apr. 19, 2002) citing Robert J. Hobbs, Fair Debt Collection § 5.5.10, p. 170-71 [(3d Ed. 1996); *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

137.    Reporting a debt to a credit reporting agency is a communication in connection with the collection of a debt. *See Sullivan, supra*.

138.    "[T]he reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." Federal Trade Commission, Office of the Secretary, Fair Debt Collection Practices Act, Staff Opinion Letter, 1997 WL 33791232, at *1 (December 23, 1997).

139.    By reason thereof, Debt Collector is liable to Plaintiff for judgment that Debt Collector's conduct violated Sections 1692d, 1692e, and/or 1692f et seq. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

140.    Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

c) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3) and 15 U.S.C. § 1681o (a)(2); and

e) For any such other and further relief as this Court may deem just and proper.

**WHEREFORE**, Plaintiff demands judgment against Debt Collector as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  April 24, 2026

Respectfully submitted,

**STEIN SAKS, PLLC**

_s/ Eliyahu Babad_
Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 x121
EBabad@SteinSaksLegal.com

_Attorneys for Plaintiff_